IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOMAIN VAULT LLC, | ) | |
| | ) | |
| *Petitioner*, | ) | **MISCELLANEOUS ACTION** |
| | ) | **C.A. NO.** |
| v. | ) | |
| | ) | |
| JEFFREY BARON, | ) | |
| | ) | |
| *Respondent.* | ) | |

| | | |
|---|---|---|
| NETSPHERE, INC., et al. | ) | |
| | ) | |
| *Plaintiffs*, | ) | **C.A. No. 3:09-cv-00988-L** |
| | ) | **(N.D. Tex.)** |
| v. | ) | |
| | ) | |
| JEFFREY BARON, et al., | ) | |
| | ) | |
| *Defendants.* | | |

## DOMAIN VAULT LLC'S MOTION TO QUASH SUBPOENA

In an abundance of caution, Domain Vault LLC, petitioner, respectfully moves this Court to quash a subpoena, attached as Exhibit A, served by Jeffrey Baron upon Name.com, Inc., which commands said corporation to produce the private records of Domain Vault, LLC.

Baron was declared a 'vexatious litigant' by the U.S. District Court in Dallas.[1] Here, the challenged subpoena was served by Baron in violation of the Federal Rules and was issued in

---

[1] *See e.g.,* Exhibit B, Doc 268 in Northern District Case 3:09-cv-00988-L, ("N.D. Tex. Doc"). In addition to repeated discovery abuses, Baron (directly and through confederates) has repeatedly filed vexatious suits alleging conspiracy theories against non-parties, counsel for adverse parties, a bankruptcy judge, the U.S. Marshals, and a senior U.S. District judge. *See* discussion by the U.S. Attorney, Doc 34 filed in case 4:12-cv-00753-RAS-DDB (E.D. Tex.).

contempt of multiple protective orders issued by the District Court for the Northern District of Texas.[2]

This motion is filed in an abundance of caution: A parallel motion to quash was filed by parties to the N.D. Tex. lawsuit,[3] and in the light of the exceptional circumstances presented, request is made to transfer this motion to the Northern District of Texas pursuant to Fed. R. Civ. P. 45(f).

## I. PROCEDURAL HISTORY

In October 2012, the District Court in the Northern District of Texas issued a protective order in an effort to curb Baron's abusive discovery practices.[4] The Court prevented Baron from serving subpoenas and ordered that a protective order[5] continued to apply to both Baron and his counsel. The N.D. Tex. Court further ordered that "Baron is further ORDERED to confine and limit his discovery to that which is expressly authorized in the Expedited Discovery Scheduling Order [doc. # 858] entered by Judge Jernigan in the parallel bankruptcy action."[6] Since that time, the discovery periods established in the Northern District Texas case have closed,[7] and the N.D. Tex Court has not held a new scheduling conference and has not authorized parties to conduct further discovery.[8]

---

[2] S*ee e.g.*, Exhibit C (N.D. Tex. Doc 1072). Notably, in response to a motion to quash by parties to the Dallas proceedings, Baron justified his actions as follows: "**Baron, out of sheer frustration** ... issued the subpoenas at issue just to obtain some basic information .... It is respectfully submitted that this Honorable Court cannot criticize Baron for taking steps to simply obtain information regarding the assets of the LLCs given the Court's failure to take any action in Case 3:14-cv-01552-L for over ten months." N.D. Tex. Doc 1439 at page 8, ¶18.
[3] N.D. Tex. Doc 1436.
[4] *Id.*
[5] N.D. Tex. Doc 14.
[6] *Id.*
[7] *See* N.D. Tex. Doc. 1070-1.
[8] *See* N.D. Tex. Doc 895.

2

However, on or after February 12, 2015, Domain Vault, LLC was notified that Baron had served a subpoena upon Name.com, Inc., seeking production of private records of Domain Vault, LLC.  (A copy of the subpoena is attached as Exhibit A.)  Although Name.com, Inc., is located in Denver,[9] production was demanded in Wilmington, Delaware.  *Id.*

As is typical with Baron's vexatious practices, in addition to violating the Court's discovery orders, Baron ignored the Federal Rules and failed to serve notice of the subpoena upon the parties to the N.D. Tex. suit before (or after) the subpoena was served upon Name.com, Inc.

## II.  ARGUMENT

1. As discussed above, all periods of discovery allowed by the N.D. Tex. Court have long since closed.  Further, the N.D. Tex. Court issued a protective order expressly prohibiting Baron from conducting discovery outside of the court ordered schedule.  As discussed above, the challenged subpoena was served by Baron in contempt of the protective order entered by the N.D. Tex. Court.[10]

2. Moreover, Federal Rule of Civil Procedure 45(a)(4) requires that before a subpoena commanding the production of documents or ESI is served, "a notice must be served on each party."  Yet, in direct violation of Rule 45(a)(4), the subpoena served by Baron upon Name.com, Inc., was served <u>without</u> prior notice to all parties.

3. Finally, the subpoenaed records have no relevance to any claim or defense pled in the N.D. Tex. suit.  Rather, in serving his subpoena, Baron is attempting to acquire the private information of Domain Vault, LLC, which includes private phone contact information, credit card information, etc.  By obtaining the private records he is seeking, Baron can literally steal the

---

[9] *See* http://www.name.com/aboutus.
[10] N.D. Tex. Doc 1387.

domain names (by using the access codes and passwords contained in the communications Baron seeks), as well as to target the domain names and interfere with their use. These are well known issues with Baron.[11]

4. The N.D. Tex. Court has long recognized the trade secret nature of domain name portfolio lists, and has strictly prohibited Baron from acquiring information about the domain name lists of others.[12] If Baron is allowed to acquire the records he seeks, the value of the domain portfolios would be placed at substantial risk; Baron has judicially admitted this fact.[13]

5. Even if Baron does nothing with the lists, that fact of Baron having possession of the information, can substantially diminish the value of the domain portfolios because it deters potential buyers and joint venture partners.[14]

### III. PRAYER FOR RELIEF

Based on the foregoing, this Court is requested to enter an order transferring this motion to the Northern District of Texas. In the alternative, this Court is requested to enter an order quashing the subpoena served by Baron upon Name.com, Inc.

Further, because the subpoena was served (1) in direct violation of the rules, (2) in contempt of the protective order issued by the District Court for the Northern District of Texas, and (3) for an improper purpose, substantial sanctions for discovery abuse may be appropriate.

---

[11] *See* N.D. Tex. Doc 581 at pages 2-4; Docs 20 and 21.

[12] *See e.g.*, N.D. Tex. Doc 1079 at page 2 ("this Court is concerned that Mr. Baron's counsel proposes simultaneously that Mr. Baron would not see the electronic files under an "Attorney's Eyes Only" protective order, yet that Mr. Baron's valuation is necessary as he is an expert on this issue. **Mr. Baron may not evade a protective order which would prevent him from personally viewing material**").

[13] *E.g.*, N.D. Tex. Doc 792-1 at page 18, (Baron states under penalty of perjury that disclosure of the domain information **is destructive** ... [it opens] critical development plans to **being stolen**, and would also in my opinion as a founder in the domain name industry, **massively multiply the litigation**").

[14] *See e.g.*, N.D. Tex. Doc 1071 at page 3 ("by obtaining information—particularly the electronic list of the domain names ... Baron will be in a position to ... ward off potential buyers").

Accordingly, the Court is requested to consider the imposition of sanctions against Baron and his counsel.

                                                    POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ Jonathan A. Choa* |
|---|---|
|  | Jonathan A. Choa (#5319) |
| Andrew C. Powell | Hercules Plaza |
| Texas Bar No. 24079155 | P.O. Box 951 |
| 5302A Beltline Road | Wilmington, DE 19899-0951 |
| Dallas, TX 75254 | (302) 984-6000 |
| (24) 295-5058 | jchoa@potteranderson.com |
| Dated:  February 26, 2015 |  |
| 1182554 | *Attorneys for Petitioner* |